WM. THOMAS LEWIS, State Bar No. 116695
ROBERTSON & LEWIS
Attorneys at Law
150 Almaden Boulevard, Suite 950
San Jose, CA  95113
Telephone: (408) 294-3600
Facsimile:  (408) 294-6046
E-Mail:  wtl@roblewlaw.com

Attorney for Secured Creditor
HERITAGE BANK OF COMMERCE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

In re:

KENNETH DAVID GONZALES,

    Debtor.

Case No.  2014-54150

Chapter 11
RS No.  WTL-001

*EX PARTE* APPLICATION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO THE STIPULATION FOR USE OF CASH COLLATERAL, FOR ADEQUATE PROTECTION PAYMENTS, AND FOR RELIEF FROM STAY

    Secured Creditor Heritage Bank of Commerce ("Bank") and Debtor Kenneth David Gonzales ("Debtor") entered into a Stipulation for Use of Cash Collateral, for Adequate Protection Payments, and for Relief from Stay ("Stipulation") filed with this court on November 20, 2014 and further identified as Docket No. 24.  This court thereafter entered the Order Approving Stipulation for Use of Cash Collateral, for Adequate Protection Payments, and for Relief from Stay and further identified at Docket No. 34.

    Pursuant to the terms of the Stipulation, Debtor was supposed to meet certain conditions in order to allow his continued use of the cash collateral and to not be in default under the

**Ex Parte Application for Relief from Automatic Stay**
    - 1

Stipulation.

In order to preserve Debtor's continued right to use cash collateral and avoid relief from stay in favor of Bank, Section 2.3.1 of the Stipulation (Sale of Real Property) requires that Debtor shall satisfy the following conditions by January 15, 2015: (i) negotiate one or more purchase contracts for the sale of both the Real Property (1430 South main Street, Salinas, California) and the Business (Villa Hand Car Wash LLC), (ii) obtain the bank's written consent and approval to the covenants, terms and conditions in such purchase contracts, (iii) open an escrow with an escrow holder acceptable to the bank for the transactions that are the subject of the approved purchase contracts, and (iv) cause any cash earnest money deposit under the approved purchase contracts to be deposited into such escrow.

As established by the declaration of Raul Garcia filed concurrently herewith, Debtor failed to meet the conditions described in Section 2.3.1 of the Stipulation and thus defaulted under such Stipulation.

Section 2.3.2 of the Stipulation further provides that, upon default, the Stipulation shall terminate and Debtor's right to use the cash collateral shall automatically terminate without further demand from the Bank or order from the court. Because Debtor failed to timely failed to satisfy the conditions described in the Stipulation at Section 2.3.1 - Sale of Real Property, Debtor's right to use cash collateral has automatically terminated.

Upon the occurrence of a default or event of default under the Stipulation, Section 2.3.4 of the Stipulation provides a notice and cure period. In accordance with Section 2.3.4 of the Stipulation and page 2, lines 4-6 of the Order Approving Stipulation, and as established by the Kimberly Wrenn declaration filed herewith, Bank served a Notice of Default to Debtor's counsel, William J. Healy, Esq. on January 16, 2015 (a copy of which is attached to the Kimberly Wrenn Declaration). The letter advised Mr. Healy of his client's default and the ramifications of failing to cure default on or before January 26, 2015.

**Ex Parte Application for Relief from Automatic Stay**

- 2

As established by the declarations of Raul Garcia and Wm. Thomas Lewis filed herewith, Debtor failed to cure default.

Upon Debtor's failure to cure the default, Section 2.3.4 of the Stipulation authorizes Bank to obtain relief from stay by submitting an *ex parte* application and declaration and submitting the Order Confirming Termination of Use of Cash Collateral and for Relief from Stay without further notice to Debtor. Section 2.3.4 of the Stipulation reflects Debtor's waiver of any right to oppose any such *ex parte* application seeking termination of the use of cash collateral and for relief from stay.

As a result of Debtors' uncured default, Bank hereby makes this *ex parte* application for an order confirming the termination of the use of cash collateral and for relief from stay, in the form attached to the Declaration of Wm. Thomas Lewis (which form reflects relief from stay not only for the Bank, but also for any affiliated entities to whom the Bank may assign the loan in connection with its foreclosure of the trust deeds [including, without limitations, Almaden Boulevard Investments LLC]).

Consequently, Bank hereby requests that this court enter the form of order attached to the Lewis declaration and uploaded in connection with this application.

Dated: January 27, 2015              **ROBERTSON & LEWIS**

/s/ *Wm. Thomas Lewis*
Wm. Thomas Lewis, Esq.
Attorneys for Secured Creditor
Heritage Bank of Commerce

**Ex Parte Application for Relief from Automatic Stay**

- 3